**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| J. UMOREN | § | |
|           Plaintiff, | § | |
| | § | CASE NO. 4:09cv413 |
| v. | § | |
| | § | |
| PLANO I.S.D. BOARD OF TRUSTEES, et al., | § | |
|           Defendants. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES**
**MAGISTRATE JUDGE**

Now before the Court are Plano Independent School District's Motion for Summary Judgment (Dkt. 87) and Plaintiff's Motion and Notice of Motion for Summary Judgment (Dkt. 90) filed in the above-referenced case.  As set forth below, the Court finds that Plano Independent School District's Motion for Summary Judgment (Dkt. 87) should be GRANTED, Plaintiff's Motion and Notice of Motion for Summary Judgment (Dkt. 90) should be DENIED, and Plaintiff should take nothing by his claims here.

**BACKGROUND**

According to the pleadings before the Court, Plaintiff was employed as a substitute teacher by the Plano Independent School District for a period of 8 years.  Plaintiff claims that he was terminated after complaining about the school district's policy and practice of requiring substitute teachers to cover classes they did not agree to cover or assigning substitute teachers duties they did not agree to assume.  Plaintiff also claims that prior to and after his dismissal he filed a number of

1

complaints regarding discriminatory practices in the school district.

The school district removed Plaintiff from its substitute roster for poor job performance on or about May 10, 2008. Apparently, the Texas Workforce Commission later found that his termination was without justification, and Plaintiff was reinstated by the school district on August 14, 2008. It does not appear that Plaintiff returned to his former position.

On or about August 22, 2008, Plaintiff sent a letter to the director of EEOC regarding his alleged problems with the PISD. He then submitted an EEOC charge of discrimination on December 13, 2008.

Then, in July 2009, Plaintiff filed the underlying suit. Plaintiff originally sued the Plano Independent School District, its board of trustees, one of its human resources directors, its director of compensation and diversity, a teacher at Robinson Middle School, and various other unidentified defendants. All Defendants filed motions to dismiss Plaintiff's claims against them.

After considering Defendants' motions to dismiss, the Court dismissed Plaintiff's Title VII retaliation claims against the board of trustees, Tamira Griffin, Jun Melvin, Rebecca Rockwell and John and Jane Doe, Plaintiff's Title VII claims of racial discrimination against all Defendants, and Plaintiff's first amendment claims under 42 U.S.C. § 1983 against all Defendants. *See* Dkt. 61.

The Court ruled that Plaintiff had sufficiently alleged that he participated in an activity protected by Title VII by claiming he made internal and external complaints from 2005 until 2008 (prior to his filing of his EEOC Complaint), including the internal and external complaints he claims to have made from 2005 until 2008. The Court cautioned Plaintiff that, while his pleadings may have stated a retaliation claim, at the summary judgment phase, he would be tasked with offering

2

evidence sufficient to create a genuine issue of material fact as to whether he "made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." *See* Dkt. 52 at 7 (citing *Byers,* 209 F.3d at 428).

Both parties have now moved for summary judgment on the remaining retaliation claim against PISD. The Court notes that Plaintiff has objected to its consideration of some of Defendant's summary judgment pleadings, arguing they were not timely filed. The Court overrules any such objections and denies any motions to strike the pleadings on this basis. The Court is not in the business of calculating the parties' deadlines for them, and it appears that any errors in calculating the filing deadlines were inadvertent on Defendant's behalf and were – at most – only a few days late under even the most conservative reading of the rules. All summary judgment materials have been on file for more than two months, and the Court finds that it is a better use of its resources (as well as the parties' resources) to address the merits of the matter before it.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

3

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001).   In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986).   The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).   The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc*., 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14).   Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655.   The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact.   E.D. Tex. Local R. CV-56(d).   Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

ANALYSIS

In evaluating the parties' cross-motions for summary judgment, the sole issue this Court is tasked with determining is whether there is sufficient evidence to create a genuine issue of material fact as to Plaintiff's Title VII retaliation claim against the Plano Independent School District.

First, the Court addresses the time period over which this Court has jurisdiction to consider Plaintiff's retaliation complaints.  Defendant argues that Plaintiff failed to exhaust his administrative remedies for some of the alleged employment actions.  The Court agrees.

The Court finds that the Plaintiff has only exhausted those retaliation claims for events arising between March 1, 2008 and May 10, 2008 as listed on Plaintiff's own EEOC Charge of Discrimination.  The filing of an EEOC complaint is a protected activity, and employers are prohibited from retaliating against employees who engage in protected activities.  42 U.S.C. §2000e-3(a); *Byers v. Dallas Morning News*, 209 F.3d 419, 427-28 (5th Cir. 2000).  However, a condition precedent for an action under Title VII is exhaustion of administrative remedies.  *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788 (5th Cir. 1996).  Exhaustion of available remedies includes good faith cooperation in all administrative hearings.  *Francis v. Brown*, 58 F.3d 191 192 (5th Cir. 1995).  Moreover, Title VII claims must specifically reference which unlawful employment action has occurred and the claimant must accordingly check the correct box on the EEOC form.  *Miller v. Sw. Bell Tel. Co.,* 2002 WL 31415083, at *8 (5th Cir. 2002); *McCray v. DPC Indus., Inc.*, 942 F. Supp. 288, 294 (E.D. Tex. 1996).  The Supreme Court has held that no claim may be brought in a lawsuit that was not included in the original EEOC charge.  *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47, 94 S. Ct. 1011, 39 L. Ed.2d 147 (1974).  Therefore, the scope of a lawsuit is limited to charges

5

raised in the EEOC document itself.  *National Ass'n of Government Employees v. City Public Service Bd. Of San Antonio, Tex*., 40 F.3d 698, 712 (5th Cir. 1994).

Here, Plaintiff submitted his EEOC Charge of Discrimination in December 2008.  It only referenced retaliatory events from March to May 2008.  *See* Dkt. 88-1.  "Where the alleged retaliation occurs before the initial EEOC charge is filed, a plaintiff must exhaust his administrative remedies on that claim."  *McCray*, 942 F. Supp. at 295.  Plaintiff did not check the box to indicate that the retaliation continued after May 10, 2008. Therefore, any alleged retaliation before March 2008 and between May and December 2008 is not before the Court at this time.  Therefore, without authority to the contrary, the Court finds that his claims here shall be limited only to alleged retaliation between the dates he listed in his December 13, 2008 EEOC Charge of Discrimination.

## Retaliation between March 1, 2008 and May 10, 2008

Courts use the same *McDonnell Douglas* burden-shifting framework for a retaliation claim as is used in the employment discrimination context.  *Medina v. Ramsey Steel Co., Inc*., 238 F.3d 674, 684 (5th Cir. 2001).  In sustaining his burden as to a retaliation claim, a plaintiff must establish a *prima facie* case of retaliation against his employer by showing: (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the materially adverse action.  *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 484 (5th Cir. 2008).  Once the plaintiff makes a *prima facie* showing of retaliation, the burden then shifts to the employer to articulate a legitimate and non-retaliatory reason for its employment action.  *Aryain*, 534 F.3d at 484.  The burden on the employer at this stage is one of production, not persuasion and does not involve any assessment of the

employer's credibility.  *McCoy v. City of Shreveport*, 492 F. 3d 551, 557 (5th Cir. 2007).  If the employer meets this burden of production, the plaintiff then bears the burden of proving that the employer's reason is a pretext for the actual retaliatory reason.  *See id.*

## Plaintiff's Prima Facie Case of Retaliation

The Court now turns to whether Plaintiff has established a prima facie case of retaliation by determining whether he has sustained his summary judgment burden in showing that (1) he participated in an activity protected by Title VII; (2) Plano ISD took an adverse employment action against him; and (3) that there was a causal connection between the protected activity and the materially adverse action.  *Aryain*, 534 F.3d at 484.

### *Protected Activity*

An employee has engaged in protected activity if he has "(1) opposed any practice made an unlawful employment practice under [Title VII] or (2) made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under [Title VII]."  *Byers* v. *Dallas Morning News, Inc.,* 209 F.3d 419,427-28 (5th Cir. 2000).  Here, Plaintiff has alleged that he made internal and external complaints about the school district, including the internal and external complaints he claims to have made from 2005 until 2008.[1]

In support of his summary judgment burden, Plaintiff has offered the following evidence:

1.      Plaintiff's Affidavit regarding his claims herein.

2.      Letter dated 3/4/08 from Plaintiff to Tamira Griffin (Executive Director for Human

---

[1]      The Court has previously found that Plaintiff's allegations regarding the treatment of substitute teachers failed to state a claim of protected activity.  Thus, its summary judgment analysis is limited to the allegations regarding complaints made by Plaintiff.

Services) in response to the Robinson Middle School Substitute Evaluation regarding Plaintiff's performance.

3.      Letter dated 5/20/08 from Plaintiff to Tamira Griffin (Executive Director for Human Services) regarding information Plaintiff recently received through open records about Robinson Middle School statistics.

4.      Letter dated 6/4/08 from Plaintiff to Tamira Griffin (Executive Director for Human Services) regarding information received through open records and other sources.

5.      Postal receipt.

6.      Substitute evaluation form dated 2/15/08 from Rebecca Rockwell (7th grade math teacher) of Robinson Middle School.

7.      A copy of Rebecca Brockwell's [sic] (Rebecca Rockwell, 7th grade math teacher) instructions and agenda for substitute teachers.

8.      A copy of the TWC appeals tribunal decision.

9.      Letter dated 8/22/08 from Plaintiff to Michael C. Fetzer (Director of U.S. EEOC) claiming breach of conduct, citing complaints that he had made against the school district dating back to 2005, and alleging that the negative evaluations and other adverse treatment.

10.     Postal receipt.

11.     Copies of negative substitute evaluation forms for several teachers dating back to 2002 and "Do Not Call" reports for each listing the schools that have issued blocks.

12.     Defendant's Original Answer to Plaintiff's First Amended Complaint.

13.     A copy of an email dated 5/2/08 from Jun Melvin (Director for Compensation and Diversity for PISD) to Jon Brooks (Absence Support) asking that Plaintiff be removed from substitute system.

14.     A copy of an email dated 5/5/08 from Jon Brooks (Absence Support) to Jun Melvin (Director for Compensation and Diversity for PISD) confirming that Plaintiff had then been removed from substitute system.

15.     A copy of a letter dated 5/1/08 from Jun Melvin (Director for Compensation and

Diversity for PISD) to Plaintiff informing him that he had received 3 negative evaluations within one year and was being removed from the system.

16.     A copy of a letter dated 8/14/08 from Jun Melvin (Director for Compensation and Diversity for PISD) regarding Plaintiff's reinstatement.

17.     Plaintiff's affidavit regarding documents.

18.     Document listing the teachers at Robinson Middle School and their absences.

Defendant argues that Plaintiff's complaints do not constitute a protected activity because they were not based on racial or sexual discrimination. Having reviewed Plaintiff's evidence, it appears that the gravamen of his complaints to school officials – purportedly evidenced by letters to school officials included in his summary judgment pleadings – is the treatment of substitute teachers in the district. Such complaints do not constitute protected activity. *Garza v. Laredo Indep. Sch. Dist.*, 309 Fed. Appx. 806, 810 (5th Cir. 2009) (finding that general complaints regarding the principal and the manner in which the school functioned did not constitute protected activity where employee did  did not once state that there were issues of racial or national origin discrimination and used the word discrimination in his introductory paragraph only); *Harris-Childs v. Medco Health Solutions, Inc.*, 169 Fed. Appx. 913, 916 (5th Cir. 2006) (employee failed to show protected activity where she did not demonstrate that she put the employer on notice that her complaint was based on racial or sexual discrimination).

One of the letters presented by Plaintiff, however, is sufficient to sustain his burden. In a letter dated March 4, 2008, Plaintiff claims that "[t]his negative evaluation by the responsible Robinson officials are [sic] clearly evidence of selective, discriminatory, and malicious motives."

Dkt. 100-3 at 3.[2]   Fifth Circuit case law suggests that implicit allegations of race based conduct could be enough to constitute a protected activity. *Lyles v. Texas Alcohol Beverage Com'n*, 379 Fed. Appx. 380, 385, (5th Cir. 2010) (examining employee's complain for any explicit or implicit allegation that employer's hostile and harassing conduct was race-based); *Watkins v. Texas Dept. of Criminal Justice*, 269 Fed. Appx. 457, 461-462 (5th Cir. 2008) (assuming for sake of argument that interoffice communication regarding the transfer of two black employees and replacement with two insubordinate white employees was based on race by implication sufficient to constitute protected activity).   In light of this authority, the Court finds that Plaintiff has offered sufficient evidence to create a material fact issue as to whether the school district was on notice that his complaints were based on racial or other discrimination.

<u>Adverse Employment Action</u>

"[A] plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68, 126 S. Ct. 2405, 2415 (2006) (internal quotations omitted).   *See also Russell v. University of Texas of Permian Basin,* 234 Fed. Appx. 195, 206 (5th Cir. 2007).   In this case, Plaintiff was removed from substitute roster before later being offered reinstatement.   The

---

[2]The Court notes that another letter to school district officials more clearly sets forth allegations of racial discrimination. *See* Dkt. 100-3 at 8 (June 4, 2008 letter: "This is clearly suggestive of the fact that Robinson officials have a demonstrated propensity to targeting males and racial minorities.").   However, this letter was sent in June 2008 and is therefore not within the Court's time period under review.

Court finds that Plaintiff has sustained his burden in showing an adverse employment action.[3]

*Causal Link*

As the final component of his prima facie case, Plaintiff must show a causal link between the protected activity and the adverse employment action.   While the existence of a causal link is a highly fact specific inquiry, some of the factors courts in the Fifth Circuit are directed to look to are: (1) the employee's past disciplinary record, (2) whether the employer followed its typical policy and procedures in terminating the employee, and (3) the temporal proximity between the employee's conduct and termination. *Nowlin v. Resolution Trust Corp,* 33 F.3d 498, 508 (5th Cir.1994).

Having reviewed the record, the Court finds that Plaintiff has not created a genuine issue of material fact as to the causal link between his purported complaints and his removal from PISD's substitute system.   While it appears Plaintiff was removed from the substitute roster within a few months of making certain complaints about the school district, temporal proximity between the protected activity and alleged adverse employment actions is insufficient to create a genuine issue of material fact for this element. *McDaniel v. Shell Oil Co.*, 350 Fed. Appx. 924, 927 (5th Cir. 2009).   There is no indication in the record that the removal of Plaintiff from the substitute roster was the result of any of the letters sent to or regarding the school district, but rather of his performance in the classroom. *Compare Smith v. Xerox Corp.*, 371 Fed. Appx. 514, 520 (5th Cir. 2010) (finding sufficient evidence of causal connection where employee had no disciplinary history before making complaint and was subjected not only to termination shortly following the EEOC

---

[3]In light of this finding, the Court need not address whether PISD's opposition to Plaintiff's receipt of unemployment benefits constituted an adverse employment action.

complaint but also to suspicious new charges of wrongdoing for arguably minor incidents following that complaint); *Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 43 (5th Cir.1992) (plaintiff who was fired two months after EEOC complaint was dismissed proved retaliation not only from timing of termination but also by showing she had no disciplinary history over nine-year employment, incidents for which she was fired arose only after EEOC complaint had been filed, and supervisor had made disparaging comments about her EEOC complaint).  Indeed, by Plaintiff's own pleadings here, it appears he had been complaining about the school district for years without any adverse action or removal from the substitute system.

The Supreme Court has held that employers "need not suspend previously planned transfers upon discovering that a Title VII suit has been filed, and their proceeding along lines previously contemplated, though not yet definitively determined, is no evidence whatever of causality." *Clark County School Dist. v. Breeden*, 532 U.S. 268, 121 S. Ct. 1508, 149 L. Ed.2d 509 (2001).  Without some fact issue as to a causal connection between the complaints made – which as discussed above were relatively implicit and general suggestions of racial, gender, or ethnic discrimination – there is no prima facie case of retaliation and summary judgment for the school district is warranted. *Reine v. Honeywell Intern. Inc.*, 362 Fed. Appx. 395, 398 (5th Cir. 2010) (affirming the granting of summary judgment for employer on retaliation claim where plaintiff did not demonstrate a causal link between her discrimination complaint and the alleged adverse action, where employer offered non-retaliatory reasons for each event, and where employee did not rebut employer's non-retaliatory reasons for its behavior); *McDaniel v. Shell Oil Co.*, 350 Fed. Appx. 924, 927 (5th Cir. 2009) (affirming the grant of summary judgment for employer on retaliation claim where the plaintiff had

no evidence of a causal connection, other than the temporal proximity between the protected activity and alleged adverse employment actions).

## Plano Independent School District's Non-Retaliatory Reasons for Termination

Moreover, even assuming Plaintiff had satisfied his summary judgment burden in creating a genuine issue of material fact as to his prima facie case of retaliation – which the Court finds he has not – Defendant has offered sufficient evidence of non-retaliatory reasons for termination to satisfy its summary judgment burden. Defendant argues that Plaintiff was removed because the District's policies required his removal following a series of negative performance evaluations.

In support of its summary judgment arguments, Defendant offers voluminous evidence, including eight substitute evaluation forms submitted by various teachers from 2002 to 2008 indicating Plaintiff's classroom performance was unsatisfactory or deficient. *See* Dkt. 88-1 at 20-28 ("students were not given directions intended for their assignments;" "I don't want him in my classroom again;" "This gentleman kept disappearing all morning."). Defendant has also attached to its summary judgment motion a copy of the May 1, 2008 letter sent to Plaintiff removing him from the PISD substitute system and explaining that his removal was the result of his receiving three negative evaluations, as well as an August 14, 2008 letter listing six negative evaluations but re-instating Plaintiff as a substitute since he only had notice of two of them. *See* Dkt. 88-1 at 13-15.

Defendants also offer affidavits of PISD teachers describing Plaintiff's apparent conduct in the classroom which lead to the negative evaluations. *See* Dkts. 88-3, 88-8, 88-9, 88-10, 88-11, 88-12, and 89-13. All teachers have stated in their affidavits that they were unaware of any discrimination or retaliation complaints filed by Plaintiff when they completed their negative

13

evaluations of Plaintiff's work as a substitute teacher. *Id.* Based on this summary judgment evidence, the Court finds that Defendant has sustained its burden in offering non-retaliatory reasons for the removal of Plaintiff from the District's substitute list.

**Pretext**

Faced with this evidence of non-retaliatory reasons, to survive summary judgment in Defendant's favor, Plaintiff must offer summary judgment evidence of pretext. The Court looks to whether PISD's perception of Plaintiff's performance, accurate or not, was the real reason for his termination. *Laxton v. Gap Inc.,* 333 F.3d 572, 580 (5th Cir.2003) (internal quotation marks omitted); *see also LeMaire v. Louisiana Dept. of Transp. & Dev.,* 480 F.3d 383, 391 (5th Cir. 2007) ("Our anti-discrimination laws do not require an employer to make proper decisions, only non-retaliatory ones."). Plaintiff must offer evidence to rebut each of the nondiscriminatory reasons the employer articulates. *Wallace v. Methodist Hosp. Sys.,* 271 F.3d 212, 220 (5th Cir. 2001). And temporal proximity standing alone is insufficient to establish an issue of fact as to pretext after an employer has provided a non-retaliatory reason. *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 487 (5th Cir. 2008). To survive summary judgment, Plaintiff must produce evidence permitting a jury to disbelieve that PISD's proffered reason was its true motivation for removing him from the list. *Laxton,* 333 F.3d at 580.

Plaintiff has pointed to no summary judgment evidence to indicate that he was removed as a substitute for any reasons other than his poor performance reviews. In failing to show pretext under *McDonnell Douglas*, Plaintiff has also failed to provide the Court with any evidence to show that "the adverse employment action ... would not have occurred but for [the] protected conduct,"

14

causing any retaliation claim Plaintiff has to fail.  *Strong v. University HealthCare Sys.*, LLC, 482 F.3d 802, 806 (5th Cir. 2007).  Indeed, as noted above, the record is rife with negative evaluations from different teachers at different schools within the District of Plaintiff's performance as a substitute.

Although the Court has reviewed what it has before it, the Court will not – and indeed is not required to – scour the record in this matter to determine whether Plaintiff could create a genuine issue of material fact as to each element of his retaliation claim.  *See* E.D. TEX. L. R. CV-56(d).  The evidence that the Court has been able to decipher does not create sufficient fact issues for Plaintiff's claims to be presented to a jury.  The burden in summary judgment proceedings is clear.  *See Ragas*, 136 F.3d at 458; *Stults*, 76 F.3d at 655.   Therefore, in light of the summary judgment evidence before this Court and having applied the parties' respective burdens, the Court finds that summary judgment should be GRANTED for Defendant on Plaintiff's claim of retaliation and Plaintiff should take nothing by his claims here.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 14th day of March, 2011.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

16